**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 7 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CAROLINE NEKESA WERE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1710

Agency No.
A216-246-968

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2023**
Seattle, Washington

Before: N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Caroline Were, a native and citizen of Kenya, petitions for review of an

order of the Board of Immigration Appeals (BIA), dismissing her appeal of an

Immigration Judge's (IJ) decision, denying her applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. §1252(a)(1) and deny the petition.

"We review the agency's factual findings, including credibility determinations, for substantial evidence." *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022). "Under this standard, findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (cleaned up). So "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Id.* (citation omitted).

Substantial evidence supports the agency's adverse credibility determination based on Were's internally inconsistent testimony regarding an alleged kidnapping, inconsistencies between her declaration and testimony with respect to a threatening phone call, and concerns about the authenticity of Were's documentary evidence. *See id.* at 1297 ("Inconsistencies in an applicant's testimony may support an adverse credibility determination."); *Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (lack of reliability of documents submitted to corroborate a petitioner's claims supports an IJ's adverse credibility determination). Based on the totality of the circumstances, Were's arguments would not compel a reasonable adjudicator to conclude differently. *Dong*, 50 F.4th at 1296.

Were makes no argument that, in the absence of credible testimony, she presented sufficient evidence in support of asylum or withholding of removal.

2

Thus, that argument is forfeited. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013). Moreover, the BIA determined that Were did not meaningfully challenge the IJ's denial of CAT protection, and Were's opening brief does not contest that determination. Therefore, Were forfeited any challenge to the denial of relief under CAT. *Id.*

**PETITION DENIED.**